Felix Brochu
vs. } No. 83484.
Alice T. Smith, App't.

March 23, 1931.

BAKER, J. Heard jury trial waived.

In this case the plaintiff, a plumber, has sued on book account and the common counts to recover for the placing of a new sink in a house owned by the defendant's divorced husband but occupied by her at the time the work in question was done. No issue is raised as to the reasonableness of the charge or the proper performance of the work involved. It is also undisputed that the defendant ordered the new sink and an examination of the plaintiff's book shows that the work was charged to the defendant.

The defendant contends that she called to the plaintiff's attention at the time she ordered the work done the fact that she and her husband were living apart and that there might be some trouble about payment for the work, and that the defendant answered in substance that he would get his money all right. She further claims that in purchasing the new sink she was acting virtually as an agent for her husband because the latter was supposed to make repairs to the house in which she was then living, by reason of certain decrees entered in the divorce litigation.

The plaintiff denies that the defendant called to his attention her domestic troubles prior to the doing of the work and says that it was not until this was completed that the defendant referred to Mr. Smith and told him to send the bill to the latter. In compliance with this request the plaintiff did send Mr. Smith a bill which was apparently returned with the statement that the latter knew nothing about the work and was not responsible for it.

In considering the probabilities of the situation, it would seem to the Court a more reasonable presumption that if the defendant had warned the plaintiff about the situation prior to the doing of the work, the latter would have in some way inquired of Mr. Smith whether he would pay the bill, and perhaps also would have charged the account to Mr. Smith rather than to the defendant.

In connection with the matter of agency, no decree in the divorce litigation has been called to the Court's attention which specifically covers the situation presented in the case at bar. Further, even if the defendant's divorced husband was obliged by virtue of decrees in the divorce proceedings to keep in repair the premises in which his wife was then living, the Court does not feel that this in and of itself would create an agency in the wife as a matter of law, or would give the wife

the right to order work done and have it charged to the husband. If such a situation did develop, it is possible that the wife might have to fall back upon the decree in the divorce litigation to enforce her rights, if any.

The defendant's divorced husband did not testify and is not a party to this case and, therefore, not now before the Court. Neither the plaintiff nor the defendant has seen fit to ask that he be joined in any way.

After a careful consideration of the evidence, the Court finds that the plaintiff is entitled to have a decision for the amount of his claim, namely, $61 with interest. In view of the fact that apparently there has been a bona fide dispute as to the liability of the defendant, interest may be charged from the date of the writ.

For plaintiff: William H. McSoley.

For defendant: Cooney & Cooney.